UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

DANIEL QUINO TECUN, ARIEL
LIZANDRO SEN VELASQUEZ,
FRANCISCO PICHOL CALEL, PEDRO
SALVADOR MORAN MARTINEZ,
RAFAEL QUINDIL COCHA, and TIRSA
M. REYES, individually and on behalf of
all others similarly situated,

                              Plaintiffs,

              - against -

NYC SPECIAL CONTRACTORS, INC., and
DENIS PORTAEV,

                        Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

25-cv-6562 (BMC)

**COGAN**, District Judge.

This is a default judgment action in a case arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and applicable provisions of the New York Labor Law ("NYLL"), N.Y. Lab. L. § 190 *et seq.* Between 2023 and 2025, plaintiffs worked as carpenters for defendants NYC Special Contractors, Inc. ("NYCSCI"), and its sole owner and principal, Denis Portaev ("Portaev"). They have demonstrated their entitlement to a default judgment on most but not all of the damages they seek, and their motion is therefore granted in part and denied in part.

In setting forth its conclusions below, the Court has presumed that all allegations in the complaint as to liability are true. See Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

1.      **Defendants are clearly in default.**  The docket shows valid service, the time to answer or appear has lapsed, and the Clerk has entered their default.  See Fed. R. Civ. P. 55(a).

2.      **Plaintiffs were clearly employees**.  The complaint and their affidavits establish their prior status with the company and specify the periods during which each of them worked.

3.      **Defendant Portaev is liable for the claimed violations**.  Plaintiffs have shown that he owned the company, was in charge of daily operations, and had control over all personnel and payroll decisions, including hiring and firing, setting wages, and maintaining records.

4.      **Defendant NYCSCI is subject to both enterprise and individual coverage under the FLSA**.  Plaintiffs have demonstrated by firsthand knowledge that the corporate defendant bought and sold materials from out of state, had no less than $500,000 in annual gross volume of sales made or business done, and had 27 employees at the relevant times.  See Santacruz v. Blok Chocolatier LLC, No. 19-cv-544, 2021 WL 4341103, at *3 (E.D.N.Y. June 23, 2021), adopted, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021) (discussing standards of individual and enterprise coverage under 29 U.S.C. §§ 206(a), 207(a)(1)); see also Locke v. St. Augustine's Episcopal Church, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010).

5.      **No hearing is necessary as to the amount of damages**.  "When a defendant defaults in an action brought under the FLSA, the plaintiff's recollection and estimates of hours worked are presumed to be correct."  Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." (citing Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991)).  Here, plaintiffs' affidavits are comprehensive and specifically explain the basis for their claims.

2

6. **Plaintiffs have demonstrated entitlement to compensatory damages and interest for late payments.** Their compensatory damages comprise of unpaid wages ("straight time") and unpaid overtime wages. The interest arises under NYLL §§ 191(1)(a),[1] 198(1-a):

| Plaintiff | Unpaid Wages | Unpaid Overtime | Compensatory Damages | Interest |
|---|---|---|---|---|
| Tecun | $2,240.00 | $23,160.00 | $25,400.00 | $190.74 |
| Velasquez | $2,225.00 | $1,696.43 | $3,921.43 | $22.81 |
| Calel | $2,842.00 | $11,804.04 | $14,646.04 | $114.83 |
| Martinez | $2,403.00 | $1,716.43 | $4,119.43 | $32.76 |
| Cocha | $6,000.00 | $32,005.71 | $38,005.71 | $315.35 |
| Reyes | $713.15 | $247.51 | $960.66 | $3.63 |

7. **Plaintiffs are entitled to liquidated damages.** Plaintiffs seek liquidated damages equal to the value of compensatory damages,[2] which is permitted "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." NYLL § 198(1-a).[3] It is common knowledge among employers that time-and-a-half must be paid for hours worked in excess of 40 per week; that fact, and defendants' default, is sufficient for this Court to find that there was no good faith defense for the non-payment. See Gunawan, 897 F. Supp. 2d at 91 n.10 ("Where, as here, a defendant employer has defaulted, the court plainly cannot find that it has made the showing of good faith necessary to defeat an award

---

[1] Under NYLL § 191(1)(a), manual laborers like plaintiffs must be paid weekly and, like all wages, late payments are subject to interest under NYLL § 198(1-a).

[2] Plaintiffs spill much ink on their argument that defendants' violations were "willful," but that appears to be relevant only to the clause in NYLL § 198(1-a) that allows for "liquidated damages . . . up to three hundred percent of the total amount of the wages found to be due for a willful violation of [NYLL] § 194 (Differential in rate of pay because of protected class status prohibited)." Plaintiffs bring no such cause of action, and thus whether defendants were willful appears irrelevant.

[3] Like the NYLL, the FLSA also permits liquidated damages in an amount equal to unpaid wages. See 29 U.S.C. § 216. However, the Second Circuit has held that "the NYLL and FLSA [do] not allow[] duplicative liquidated damages for the same course of conduct." Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018) ("We therefore vacate the liquidated damages award under the FLSA ($66,062.00) in favor of the NYLL award ($144,677.64)."). Because the Court awards plaintiffs liquidated damages under one statute, the inquiry ends there.

3

of liquidated damages.").  Thus, plaintiffs are entitled to the following amounts in liquidated

damages:

| Plaintiff | Liquidated Damages |
|-----------|--------------------|
| Tecun | $25,400.00 |
| Velasquez | $3,921.43 |
| Calel | $14,646.04 |
| Martinez | $4,119.43 |
| Cocha | $38,005.71 |
| Reyes | $960.66 |

8.      **The Court dismisses without prejudice plaintiffs' claims for wage notice and**

**wage statement violations brought under NYLL §§ 195(1), 195(3).**  This Court continues to

be of the view that it is the rare violation of these statutes that gives rise to Article III standing, as

they address mere informational injury without monetary consequences.  See Deng v. Frequency

Elecs., Inc., 640 F. Supp. 3d 255, 264-67 (E.D.N.Y. 2022).  The Second Circuit recognized, in

Guthrie v. Rainbow Fencing Inc., 113 F.4th 300, 304 (2d Cir. 2024), that it might be possible for

a plaintiff to demonstrate an actual and concrete injury under these statutes, but this Court's view

is that the proof required to show that will in almost every conceivable instance be entirely

speculative.

That is the case here.  Plaintiffs, trying to squeeze into the hypothetical possibility

allowed by Guthrie, say they suffered "concrete harm" because of their "inability to identify their

employer and to remedy their compensation problems."  We don't know what would have

happened if plaintiffs had received the required notice and wage statements, but there are no

facts alleged that plaintiffs would have, or could have, done anything about it.  When, as here, a

plaintiff tries to show standing by making broad allegations that any plaintiff in the same

position could make, it is an indication that the allegations reflect no more than an effort to

circumvent the standing requirement.  See Carcamo v. Tacos El Poblanito, Inc., No. 25-cv-5339,

4

2026 WL 468822, at *2 (E.D.N.Y. Feb. 18, 2026) ("Although the failure to provide wage notices and statements 'may result in various harms to an employee,' plaintiff 'has not plausibly alleged that [defendants'] failure to provide the wage notices and wage statements in this case caused [her] to suffer any of those harms.'" (quoting Guthrie, 113 F.4th at 310)).

9.     **The Court grants plaintiffs' request for pre-judgment interest.**  Although "the FLSA does not permit awarding pre-judgment interest in addition to liquidated damages, the NYLL does." Won Kim v. Kini LIC Corp., 806 F. Supp. 3d 277, 314 (E.D.N.Y. 2025).  In fact, the NYLL requires it.  See Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 93 (2d Cir. 2000) ("trial courts . . . have no discretion not to award prejudgment interest under New York law"); NYLL § 198(1-a) ("the court *shall* allow such employee to recover . . . prejudgment interest") (emphasis added).  In New York, interest is awarded at the rate of 9% per year, see CPLR § 5004, starting "from a single reasonable intermediate date," CPLR § 5001.  "[I]n wage-and-hour cases," the "midpoint of a plaintiff's employment is often used as the date from which to calculate prejudgment interest[.]"[4] Burns v. Scott, 635 F. Supp. 3d 258, 282 (S.D.N.Y. 2022).  That date is August 16, 2023, and thus, plaintiffs are entitled to the following:

| Plaintiff | Prejudgment Interest |
|---|---|
| Tecun | $6,530.90 |
| Velasquez | $1,006.59 |
| Calel | $3,767.06 |
| Martinez | $1,059.66 |
| Cocha | $9,779.74 |
| Reyes | $246.92 |

10.     **There is no need to address post-judgment interest.**  Plaintiffs argue that the judgment should include a provision for post-judgment interest.  That is unnecessary; as

---

[4] "Pre-judgment interest is calculated using the following formula: (total compensatory damages due to plaintiff) multiplied by (.09/365) multiplied by (number of days from midpoint date to the date the Clerk of the Court enters judgment)." Kim v. Kini LIC Corp., 806 F. Supp. 3d 277, 315 n.23 (E.D.N.Y. 2025).

plaintiffs point out, post-judgment interest accrues on every federal judgment as a matter of law. See 28 U.S.C. § 1961.

11.     **The judgment will not increase if not paid within 90 days.**  New York law provides that any judgment that remains unpaid for 90 days increases by 15%.  However, once a federal judgment is entered, state laws that might affect the judgment amount are inapplicable. See Chen v. Asian Terrace Rest., Inc., 602 F. Supp. 3d 348, 350 (E.D.N.Y. 2022) ("§ 1961 supplants any state law provisions that would otherwise increase the amount of a federal judgment.").  The case is over, and nothing remains but a federal judgment.

12.     **Plaintiffs may defer moving for attorneys' fees and costs, but only for a reasonable time**.  Plaintiffs ask for an open-ended deferral of Rule 54(d)'s requirement that they move attorneys' fees and costs within 14 days.  The time is extended to 60 days from entry of judgment.  Any further extension must be made by motion on a showing of good cause.

### CONCLUSION

Plaintiffs' motion for a default judgment is granted in part and denied in part as set forth above.  The Clerk is directed to enter judgment in favor of each plaintiff individually, and against defendants jointly and severally, as follows:

| Plaintiff | Amount |
|---|---|
| Tecun | $57,521.64 |
| Velasquez | $8,872.26 |
| Calel | $33,173.97 |
| Martinez | $9,331.28 |
| Cocha | $86,106.51 |
| Reyes | $1,924.95 |

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       June 16, 2026

6